**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Hernandez, | No. CV 09-2683-PHX-DGC (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Plaintiff Edward Hernandez brought this civil rights action under 42 U.S.C. § 1983 against Arizona Department of Corrections (ADC) Director Charles Ryan (Doc. 1). Before the Court is Defendant's motion to dismiss based on qualified immunity (Doc. 11). The motion is fully briefed (Doc. 13-14). The Court will deny the motion.

**I.     Background**

Plaintiff's single remaining claim stems from his incarceration in the ADC's Browning Unit, the facility where validated Security Threat Group members are housed (Doc. 1 at 1, 5). Plaintiff alleges that Defendant violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment "by requiring Plaintiff to Renounce/Debrief (Become a prison snitch) putting his life in serious danger in order to be eligible for restoration of his release credits" (id. at 5-5C). The Court ordered Defendant to answer this

claim (Count III),[1] and he has filed a motion to dismiss, arguing that he is entitled to qualified immunity (Doc. 11).

## II.     Motion to Dismiss on Qualified Immunity

### A.     Legal Standard

A defendant in a § 1983 action is entitled to qualified immunity from damages for civil liability if his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In Saucier v. Katz, 533 U.S. 194, 201 (2001), the Supreme Court mandated a two-step sequence for resolving a qualified immunity claim: the "constitutional inquiry" and the "qualified immunity inquiry." The "constitutional inquiry" asks whether, when taken in the light most favorable to the non-moving party, the facts alleged show that the official's conduct violated a constitutional right. Id. If so, a court would turn to the "qualified immunity inquiry" and ask if the right was clearly established at the relevant time. Id. at 201-02. This second inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." Id. at 201.

In Pearson v. Callahan, 129 S.Ct. 808, 818 (2009), the Supreme Court held that the Saucier procedure is not an inflexible requirement; judges "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."

Granting dismissal on this basis pursuant to a Rule 12(b)(6) motion is only appropriate if the Court can determine from the face of the complaint that qualified immunity applies. Groten v. California, 251 F.3d 844, 851 (9th Cir. 2001); Morley v. Walker, 175 F.3d 756, 761 (9th Cir. 1999) (because allegations in complaint are regarded as true on a motion to dismiss, dismissal based on qualified immunity is inappropriate).

///

///

---

[1] The Court dismissed the remaining claims and Defendants upon screening (Doc. 6 at 7).

**B.     Parties' Contentions**

*1.     Defendant's Motion*

Defendant asserts that no court has held that it is an Eighth Amendment violation to require a prison-gang member to renounce his gang membership and debrief in order to regain privileges. Rather, Defendant contends that the few courts to squarely address this issue have concluded that such debriefing does not violate an inmate's constitutional rights (id. at 3, citing cases). As a result, Defendant maintains that it is not clearly established that debriefing exposes Plaintiff to a violation of his constitutional rights and Plaintiff's claim for damages must be dismissed (id. at 4).

*2.     Plaintiff's Response*

Plaintiff responds that Defendant was aware as early as 2000—when the policy at issue was enacted—that forcing Plaintiff to debrief in order to regain his release credits was a violation of his constitutional rights (Doc. 13). Plaintiff further argues that because Defendant enacted the policy requiring Plaintiff to debrief and personally denied Plaintiff's grievance on this issue in 2009, Defendant was aware that his actions would result in a risk to Plaintiff's safety (id. at 2-3). Plaintiff also points to several cases recognizing the risk to inmates who inform on prison gang activities (id. at 5, citing cases).

*3.     Defendant's Reply*

In his reply, Defendant maintains that no court has ever found a policy similar to the one at issue to be unconstitutional (Doc. 14). Rather, Defendant asserts that every court to assess the constitutionality of debriefing policies has found them to be constitutional. As a result, Defendant argues that he was not on notice that his policy was unconstitutional (id.).

**III.    Analysis**

Defendant focuses solely on the second prong of the qualified immunity analysis; he argues that no court has ever held that requiring a prison gang member to renounce his gang membership and debrief is an Eighth Amendment violation (Doc. 11 at 3). Defendant construes this portion of the qualified immunity test too narrowly.

The relevant inquiry in determining whether the right violated was clearly established

is whether it would be clear to a reasonable official that his conduct was unlawful in the situation presented. Saucier, 533 U.S. at 202. A right is clearly established if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Kennedy v. City of Ridgefield, 439 F.3d 1055, 1065 (9th Cir. 2006) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). It is not necessary that there be a prior case with the identical facts showing that a right is clearly established; it is enough that there is preexisting law that provides a defendant "fair warning" that his conduct was unlawful. Kennedy, 439 F.3d at 1065.

At this stage, a motion to dismiss on qualified immunity grounds puts the Court in the difficult position of deciding "far-reaching constitutional questions on a non-existent factual record." Kwai Fun Wong v. United States, 373 F.3d 952, 957 (9th Cir. 2004). Although government officials have the right to raise qualified immunity on a motion to dismiss, it is not necessarily advisable in every case. Id.

The Court also disagrees that the right at issue in this case was not clearly established. It is well-settled that a prison official violates the Eighth Amendment when the official acts with deliberate indifference to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 833-834 (1994). To limit the "clearly established" aspect of the analysis to cases specifically addressing a prison-gang debriefing procedure would allow Defendant, and other future defendants, "to define away all potential claims." Kelley v. Borg, 60 F.3d 664, 667 (9th Cir. 1995) (denying qualified immunity when defendant viewed the right at issue with factual specificity instead of the general right to Eighth Amendment rights in the prison medical context).

Nor do either of the two cases Defendant cites aide this Court in its analysis. The first, Castrellon v. Gomez, No. C-92-1687-VRW, 1997 WL 36119 (N.D. Cal. June 23, 1997), was decided at the summary judgment stage, with the benefit of a developed record. The second, Baker v. Patten, No. C-94-1687-VRW, 1994 WL 665189 (N.D. Cal. Nov. 3, 1994), is inapposite because the inmate plaintiff categorically refused to debrief, thereby foreclosing the possibility of any harm. Here, Plaintiff has not excluded the possibility of debriefing; his

claim is simply that his life will be placed in danger if he proceeds with the debriefing process. Resolution of this claim requires factual development to ascertain the debriefing procedure and how inmates are protected if they provide inculpatory information about other inmates. Such questions cannot be resolved on a motion to dismiss.

**IT IS ORDERED:**

(1) The reference is **withdrawn** as to Defendant's Motion to Dismiss (Doc. 11).

(2) Defendant's Motion to Dismiss (Doc. 11) is **denied**.

DATED this 3rd day of November, 2010.

David G. Campbell
United States District Judge